**Phyllis HARVEY, Plaintiff,**

v.

**J. Max PRICE, Defendant.**

Civ. No. 84–3434.

United States District Court,
S.D. Illinois,
East St. Louis Division.

March 8, 1985.

Bernard J. Ysursa, Sprague, Sprague & Ysursa, Belleville, Ill., for plaintiff.

Robert W. Schmieder, Wagner, Bertrand, Bauman & Schmieder, Belleville, Ill., F.

Douglas O'Leary, Moser, Marsalek, Carpenter, Cleary, Jaekel & Keaney, St. Louis, Mo., for defendant.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

Before the Court are defendant's Motion to Dismiss (Document No. 4) and plaintiff's Motion to Remand (Document No. 9). Plaintiff filed this action on June 24, 1981, in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois. The one-count complaint alleged that the defendant, an attorney, made a misrepresentation to plaintiff's attorney concerning insurance coverage in an earlier incident. Plaintiff sought $10,000 in this complaint. In July of 1981, the defendant moved to dismiss the complaint for lack of personal jurisdiction. Sometime later, the state court denied this motion stating that personal jurisdiction did lie over the defendant. On November 30, 1984, the plaintiff amended his complaint adding a second count which alleged that the defendant's misrepresentation was willful and wanton. The plaintiff sought in this count $10,000 actual damages *plus* $500,000 punitive damages. On December 8, 1984, the defendant removed the case to this Court on the basis that diversity jurisdiction now existed since the amount in controversy exceeded $10,-000. On December 20, 1984, the defendant filed a Motion to Dismiss in this Court, arguing as he did previously in the state court that personal jurisdiction over him is improper.

The plaintiff raises a number of points with regard to removal and the Motion to Dismiss. First, the plaintiff contends that if in fact the Illinois court lacked personal jurisdiction over the defendant then under the derivative jurisdiction doctrine this Court would not possess proper removal jurisdiction. Second, the plaintiff argues that the state court's ruling on the defendant's Motion to Dismiss represents the "law of the case" so as to preclude the defendant from relitigating that point. Finally, the plaintiff submits that this Court has personal jurisdiction over the defendant since the defendant has committed a tort within the state so as to trigger application of the Illinois Long-Arm Statute.

The first question the Court must decide is whether this case is properly removable. 28 U.S.C. § 1446(b) provides that:

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Here, the original one-count complaint was not removable since the plaintiff did not seek in excess of $10,000. However, with the amendment to the complaint in 1984, the plaintiff sought in excess of $10,000 since punitive damages can be included in the amount of controversy requirement if under the governing law of suit they are recoverable. *Bell v. Preferred Life Assurance Soc.,* 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943). Punitive damages are allowed in Illinois where a defendant has acted wilfully or with such extreme negligence as to indicate reckless disregard for the safety of others. *Hazelwood v. Illinois Central Gulf R.R.,* 114 Ill.App.3d 703, 71 Ill.Dec. 320, 450 N.E.2d 1199 (1983). The plaintiff in the instant case seeks punitive damages because the defendant's actions were wilful and wanton. Thus, the case meets the amount in controversy requirements.

Under the "derivative jurisdiction" doctrine a case is not properly removable unless its within the jurisdiction of the state court from which it is removed. *Wright, Miller & Cooper,* Federal Practice and Procedure: Jurisdiction § 3372. However, this doctrine only pertains to subject matter jurisdiction; a federal court can retain a removed case for new service if it determines that the state court lacked jurisdiction over the person of the defendant. *Id.* Further, mere removal of an action does not constitute a waiver of the defend-

ant's objection that the state court lacks jurisdiction over his person. 1A Moore's Federal Practice ¶ 0.157[3.–5]. If after the case is removed, the court determines that it lacks personal jurisdiction over the defendant it must dismiss the case. *Id.* Remand would be an alternative if, and only if, the state court could possess personal jurisdiction over the defendant when the federal court would not. This scenario would be highly unlikely since a federal court sitting in diversity applies the long-arm statute of the state in which it sits. Therefore, even if the state court did not possess personal jurisdiction over the defendant, this court does possess proper removal jurisdiction over the case.

■■■■ The plaintiff is also incorrect in his assertion that the state court's ruling on the defendant's earlier Motion to Dismiss for lack of personal jurisdiction represents the law of the case so as to preclude a further determination by this Court. Any orders issued by the state court prior to removal are not conclusive upon the parties. This solution is intended

> to give the District Court complete control over interlocutory orders made and proceedings had in the cause before removal, and, by necessary implication, to authorize the setting aside or modification of orders made by the state court. If the cause had continued before the state court it could have set aside or modified the orders in question, and what it could have done may be done by the District Court on a rehearing, if the facts warrant such a course. Indeed upon the District Court's assuming jurisdiction of the suit, it must have free hand to dispose of all phases of the controversy.

*Dicks-David Co. v. Edward Maurer Co.,* 279 Fed. 281, 283 (D.N.J.1922). Further, the defendant's amenability to suit in *this* Court is a federal matter and the state court's ruling would not establish the law of the case as to that question. 1B Moore's Federal Practice ¶ 0.404[b]. Therefore, this Court is free to determine whether it has personal jurisdiction over the defendant.

■■■ Personal jurisdiction is based on a combination of two elements, amenability to jurisdiction and service of process. *Terry v. Raymond International, Inc.,* 658 F.2d 398, 401 (5th Cir.1981), *cert. denied,* 456 U.S. 928, 102 S.Ct. 1975, 72 L.Ed.2d 443 (1982). Both must be present to authorize a district court to adjudicate the case. *Id.* Amenability refers to the substantive reach of the forum's jurisdiction. Amenability has both state law and federal constitutional significance. Service of process is these physical means by which jurisdiction is asserted. Applying the principles the courts have developed three tests to determine if a court possesses personal jurisdiction over defendant: (1) the assertion of jurisdiction by the law of the forum; (2) conformity of this law with the Constitution; and (3) authority for the means of service of process. *Id.* The first two tests apply to amenability and the third test applies to service of process.

■■■ In a diversity case, as here, the amenability portion of the above tests consists of the following analysis. First, state law (usually the state Long-Arm Statute or case law "doing business" requirement) must assert jurisdiction over the defendant for the cause of action at issue in this suit. *Id.* Second, the exercise of personal jurisdiction over the defendant must be consistent with the due process clause of the fourteenth amendment. This inquiry consists of deciding whether the defendant has minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). *Terry,* 658 F.2d at 401.

■■■ With regard to service of process prong of the above test, under Fed.R.Civ.P. 4 either federal or state methods of service are authorized. Congress has permitted nationwide service of process in several specialized statutes. *See e.g.* 28 U.S.C. § 2361 (1978) (interpleader); 15 U.S.C. §§ 5, 22, 25 (1973) (federal antitrust laws); 15 U.S.C. § 77v(a) (1971) (federal securities

laws). In those areas where Congress has not so provided, Fed.R.Civ.P. 4 authorizes that process can be served outside the state in which the district sits *only* under the state procedures for extraterritorial service or within the 100 mile area. Generally, this has permitted service on an out-of-state defendant pursuant to a state long-arm statute. In this regard the state long-arm statute is utilized twice. First, in a diversity action to assert jurisdiction over the out-of-state defendant for amendability purposes; and second to authorize service on the out-of-state defendant in both diversity and federal question cases.

In the present case the plaintiff alleges the following facts: On December 4, 1978, the plaintiff was involved in a traffic accident on Missouri Avenue, East St. Louis, Illinois, with Ernest Coverdell. After an investigation, the plaintiff forwarded a lien letter to Mr. Coverdell requesting that Mr. Coverdell turn the lien letter over to his insurance carrier. On January 8, 1979, the defendant, the attorney for Mr. Coverdell, contacted the plaintiff's attorney and indicated that he had not had sufficient time to discuss with his client whether or not he had liability insurance. On January 10, 1979, the defendant telephoned the attorney for the plaintiff and indicated that his client had told him that he did not have any liability insurance and that he would attempt to settle the matter on a cash basis. On January 12, 1979, the defendant sent a letter to the attorney for the plaintiff indicating that he had discussed the matter with Mr. Coverdell, and that Mr. Coverdell decided to offer settlement in the amount of $300 or $500. Plaintiff refused said offer and eight months later filed an action against Mr. Coverdell. Upon filing this action, the plaintiff was advised that Mr. Coverdell did have liability insurance. The insurance company later sought and received a declaratory judgment that Mr. Coverdell's failure to notify the carrier of the accident barred coverage.

The plaintiff further alleges that in the declaratory judgment trial Mr. Coverdell testified that he told the defendant in January of 1979 that he did have liability insur-

ance that would cover this accident. The plaintiff contends therefore that the defendant subjected himself to this Court's jurisdiction by committing this act of misrepresentation in Illinois. The Illinois Long-Arm Statute provides in pertinent part:

(a) Any person, whether, or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this State;

(2) The commission of a tortious act within this State; . . . .

(b) Service of process upon any person who is subject to the jurisdiction of the courts of this State, as provided in this Section, may be made by personally serving the summons upon the defendant outside this State, as provided in this Act, with the same force and effect as through summons had been personally served within this statute.

(c) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him or her is based upon this Section. . . .

Ill.Stat.Ann. Ch. 110, 2–209 (Smith-Hurd 1984).

Plaintiff contends that pursuant to subdivision (b), the defendant has subjected himself to this Court's jurisdiction. Specifically, the plaintiff argues that the alleged misrepresentation occurred in Illinois since the defendant, telephoned from Missouri to the plaintiff's attorney in Illinois.

■ The Court agrees with the plaintiff that for purpose of the statute, the misrepresentation, occurred, if at all, in Illinois where the plaintiff relied on the defendant's statements to his detriment. However, the Court recognizes that labeling the defendant's actions an Illinois tort is merely a matter of convenience over form.

Ascertaining precisely where a misrepresentation, made from one state into another, occurred is a difficult if not totally arbitrary process. In any event, this does not end the Court's inquiry. The Court must determine whether the application of the statute to this defendant meets the due process requirements of the fourteenth amendment.

 Pursuant to the due process clause of the fourteenth amendment a defendant may be subjected to a judgment in personam, even if he is not present in the forum, if he has such minimum contacts with the forum such that the maintenance of the suit does not offend judicial notions of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The test is not a mechanical one, but rather it consists of a weighing of the defendant's contacts with the forum against other factors such as the "forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the judicial system's interest in obtaining the most efficient resolution of the controversy, and the public interest in furthering fundamental substantive social policies." 28 Fed.Proc. L.Ed. § 65:6 (citing *World Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

 In the instant case, the defendant did not maintain the necessary minimum contacts with Illinois. The defendant did not practice law in Illinois, nor did he attempt to represent Mr. Coverdell regarding the declaratory judgment action filed by the insurance carrier. His only contact with Illinois in this matter was his telephone call to the plaintiff's attorney. This call was made *after the plaintiff* asked the defendant whether or not Mr. Coverdell carried liability insurance. Although the commission of a single tort in Illinois may meet the requirements of the fourteenth amendment, here, as stated earlier, the labeling of this tort as an Illinois tort is merely a matter of convenience. Absent any further evidence of the defendant's contacts with Illinois, the Court will refrain from exercising personal jurisdiction over him.

Accordingly, the defendant's Motion to Dismiss (Document No. 4) is hereby GRANTED. Plaintiff's Motion to Remand (Document No. 9) is hereby DENIED. The plaintiff's complaint is hereby dismissed without prejudice for lack of personal jurisdiction over the defendant.

IT IS SO ORDERED.