Dennis **WYSNOSKI**, Plaintiff,

v.

Barron P. **MILLET**; Tom **Jones**; d/b/a Tom Jones Aircraft Sales; and Scott **Boggs** and Rodney **Boggs**, d/b/a the Boggs Company, Defendants.

No. 90 C 5914.

United States District Court, N.D. Illinois, E.D.

March 11, 1991.

Richard E. Steck, Steck and Spataro, Chicago, Ill., for plaintiff.

Keith J. Shuttleworth, Burke, Wilson & McIlvaine, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the Court is the motion of defendants', Barron P. Millet ("Millet"), Tom Jones, d/b/a Tom Jones Aircraft Sales ("Jones"), Hassel V. "Scotty" Boggs ("S. Boggs") and Rodney Boggs ("R. Boggs"), d/b/a the Boggs Company, to dismiss the complaint of the plaintiff, Dennis Wysnoski ("Wysnoski"), pursuant to Federal Rule of Civil Procedure 12(b)(2), or to transfer the case to the Northern District of Texas pursuant to 28 U.S.C. section 1404(a), or to dismiss the action pursuant to Federal Rule of Civil Procedure 9(b).

## I. FACTS

Wysnoski is an Illinois resident. On or about June 13, 1990, Wysnoski read an advertisement regarding the sale of a certain used aircraft in a nationally circulated publication. The advertisement was placed in the publication by Jones, a resident of Georgia. Wysnoski contacted Jones regarding the aircraft. Jones responded by letter and facsimile and directed Wysnoski to contact his partner, Millet, a resident of Texas. Wysnoski contacted Millet and they spoke by telephone several times about the plane. Millet referred Wysnoski to R. Boggs and S. Boggs, Texas residents, for additional information concerning the condition of the aircraft's engine. All contacts took place between approximately June 13, 1990, and June 19, 1990. Wysnoski initiated the contacts after seeing the advertisement and the defendants further contend, and Wysnoski does not contradict, that any telephone calls, mailings, facsimiles or other communication sent by any of the defendants were only in response to Wysnoski's inquiries.

Wysnoski's claim arises from the defendants' alleged fraudulent misrepresentations during the course of the parties' communications. The complaint charges each of the defendants with fraudulently representing that the aircraft Wysnoski purchased from them had no time in flight since its engine received a major overhaul. Wysnoski was in Illinois during the communications and when he arranged to take delivery, secured financing, and agreed to sell his existing aircraft to third parties. Wysnoski agreed to purchase the aircraft from the defendants while Wysnoski was in Illinois, although delivery of the plane took place in Missouri.[1]

On June 29, 1990, Wysnoski took delivery and tendered payment for the aircraft. He alleges that he subsequently discovered that the plane was not in the condition represented and that it was of virtually no value until he expended money for repairs and restoration. Wysnoski seeks both compensatory and punitive damages for fraud and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act. Ill.Rev.Stat. ch. 121½, para. 262 (1973).

## II. DISCUSSION

### A. JURISDICTION

 The defendants' motion to dismiss asserts that the Court does not have per-

---

**1.** Plaintiff also claims that the contract was executed in Illinois. Where the contract was actually executed is in dispute. When considering a motion to dismiss, however, the court must resolve all factual disputes in favor of the plaintiff. *Deluxe Ice Cream,* 726 F.2d 1209 (7th Cir. 1984).

sonal jurisdiction. Because this is a diversity action, this Court has jurisdiction only if Illinois state courts would have jurisdiction under the Illinois long-arm statute and jurisdiction is consistent with constitutional due process. Fed.R.Civ.P. 4(e); *Deluxe Ice Cream Co. v. R.C.H. Tool Corp.*, 726 F.2d 1209, 1212 (7th Cir.1984). The Illinois long-arm statute and constitutional due process are not coterminous and therefore, must be considered separately. *Deluxe Ice Cream*, 726 F.2d at 1214; *Green v. Advance Ross Electronics Corp.*, 86 Ill.2d 431, 56 Ill.Dec. 657, 427 N.E.2d 1203 (1981). Where there are multiple defendants, personal jurisdiction as to each must be considered separately, although their ties may aid the analysis. *Rush v. Savchuk*, 444 U.S. 320, 332, 100 S.Ct. 571, 579, 62 L.Ed.2d 516 (1980); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297-99, 100 S.Ct. 559, 567-68, 62 L.Ed.2d 490 (1980). Furthermore, although the court must resolve all factual disputes in favor of the plaintiff, when considering a motion to dismiss, the burden of proving jurisdiction rests with the party asserting it. *Saylor v. Dyniewski*, 836 F.2d 341, 342 (7th Cir.1988).

### 1. Illinois Long-Arm Statute

■ Wysnoski alleges jurisdiction pursuant to the Illinois long-arm statute, which provides in relevant part:

(a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person ... to the jurisdiction of the courts of this State as to any cause of action arising from the doing of such acts:

. . . . .

(2) The commission of a tortious act within this State; ...

(c) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him or her is based upon this Section.

Ill.Rev.Stat. ch. 110, para. 2-209 (1983).

■ A single tortious act committed in Illinois confers jurisdiction under the stat-

ute, as long as the acts giving rise to the claim are the same acts conferring jurisdiction. *Snyder v. Smith*, 736 F.2d 409, 416 (7th Cir.1984), *cert. denied* 469 U.S. 1037, 105 S.Ct. 513, 83 L.Ed.2d 403 (1984); *Nelson v. Miller*, 11 Ill.2d 378, 390-91, 143 N.E.2d 673, 680 (1957). This principle is true regardless of the place of execution of related contracts. *Nelson*, 11 Ill.2d at 390-91, 143 N.E.2d at 680. Wysnoski alleges fraud arising out of intentional misrepresentations regarding the condition of the aircraft. It is settled that a loss is recoverable in tort where the loss is caused by intentional false representations. *Rose v. Franchetti*, 713 F.Supp. 1203, 1209 (N.D. Ill.1989), *citing Moorman v. National Tank Company*, 91 Ill.2d 69, 88-89, 61 Ill.Dec. 746, 435 N.E.2d 443 (1982). Wysnoski asserts that these torts occurred in Illinois, thereby conferring jurisdiction under the statute.

■ The defendants respond that misrepresentation by telecommunication occurs only in the location where the call is received. The defendants cite *Harvey v. Price*, 603 F.Supp. 1205 (S.D.Ill.1985), for this proposition. A review of *Harvey* and related cases examining the situs of a tort when the injury arose from fraudulent misrepresentation by telephone reveals that where the phone was dialed and where it was answered are not determinative. Rather, *Harvey* and related cases focus on where the *information* is received and used, not the mechanics of electronic communication. *See Id.* at 1209, 1210. The *Harvey* court stated: "[F]or purposes of the statute, the misrepresentation, occurred, if at all, in Illinois where the plaintiff *relied* on the defendant's statements to his detriment." (emphasis added). *Id.* at 1209.

In *Club Assistance Program, Inc. v. Zukerman*, 594 F.Supp. 341, 347 (N.D.Ill. 1984), the court held that telephone call misrepresentations satisfied the requirements of the Illinois long-arm statute if the defendant intended to affect an Illinois interest and communicate his message to Illinois. It is "well established Illinois law ... that *use* of the mails and telephone subject-

ed [the defendants] to jurisdiction," *FMC Corp. v. Varonos,* 892 F.2d 1308, 1313 (7th Cir.1990) (emphasis added) (citations omitted). The *Varonos* court also held that telex and telecopier communication are the same as telephone communication for purposes of the Illinois long-arm statute.

Here, Wysnoski alleges that each defendant intentionally misrepresented the facts during telephone conversations with him while he was in Illinois, and that he relied on the misrepresentations to his detriment while in Illinois. Additionally, Wysnoski alleges that Jones sent a letter and facsimiles to him in Illinois. Accordingly, the facts of this case meet the requirements of the Illinois long-arm statute.

### 2. Due Process

■ The defendants contend their contacts with this State are not sufficient to allow this Court to assert jurisdiction consistent with due process. The issue is whether the defendants' activity "constitutes 'minimum contacts' between the defendant and the forum state such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Asahi Metal Industry Co. v. Superior Court of California,* 480 U.S. 102, 105, 107 S.Ct. 1026, 1028, 94 L.Ed.2d 92 (1987). The analysis is two-fold:

> Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with fair play and substantial justice.

*Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985). The defendant's activity and connection with the forum State must be "such that he should reasonably anticipate being haled into court there." *Burger King,* 471 U.S. at 474, 105 S.Ct. at 2183. The activity giving rise to jurisdiction must

be the same as the activity giving rise to the claim. *Snyder v. Smith,* 736 F.2d at 416, *cert. denied* 469 U.S. 1037, 105 S.Ct. 513, 83 L.Ed.2d 403 (1984).

The defendants all have sufficient minimum contacts with Illinois. Jones caused an advertisement to be circulated in Illinois; spoke by telephone to Wysnoski in Illinois after inviting inquiry through the advertisement published in Illinois; sent a letter to Wysnoski in Illinois; and sent a facsimile to him in Illinois—all concerning the possible sale of the aircraft and all allegedly containing fraudulent statements.[2] Millet spoke by telephone with the plaintiff in Illinois several times and intentionally misrepresented the condition of the aircraft. He completed the sale of the aircraft to Wysnoski knowing it would be going to Illinois. The Boggs also intentionally misrepresented the condition of the aircraft during telephone conversations with Wysnoski in Illinois. On four occasions they fraudulently stated that they themselves had performed a complete overhaul of the engine and that the plane had not been flown since.

Defendants' rely on *Harvey v. Price,* 603 F.Supp. 1205 (S.D.Ill.1985), which is factually distinguishable. In *Harvey,* the defendant made a single misrepresentation during a single phone call. The defendant's fraudulent statement concerned his client's status and was initiated by the plaintiff. *Harvey,* 603 F.Supp. 1205, 1210 (S.D.Ill. 1985). Each defendant here has significantly more contact with the forum and could certainly "reasonably anticipate being haled into court" in Illinois. *See FMC Corp. v. Varonos,* 892 F.2d at 1313.

Furthermore, jurisdiction does not offend traditional notions of fairness or reasonableness. The determination of the reasonableness of subjecting the defendants to this court's jurisdiction depends on five factors: "the burden on the defendant, the interests of the forum State, ... the plaintiff's interest in obtaining relief ... 'the interstate judicial system's interest in ...

---

**2.** Because the contacts here are more extensive than a single advertisement, the defendants' reliance on *Madera v. Hall,* 717 F.Supp. 812 (S.D. Fla.1989) is misplaced. In *Madera,* the defen-

dant had no contact at all with the forum except that the magazine containing the advertisement happened to be sold there.

efficien[cy] ... [and] the interest of the States in furthering fundamental substantive social policies.' " *Asahi*, 480 U.S. at 113, 107 S.Ct. at 1033 (citations omitted).

Even the first factor does not favor defendants. Jurisdictional analysis requires each individual defendant to be viewed separately. *Rush v. Savchuk*, 444 U.S. at 332, 100 S.Ct. at 579. The burden is no greater to each individual defendant than it would be to the plaintiff if he were forced to litigate outside his home state. Furthermore, Illinois has a substantial interest in protecting its citizens from interstate fraud. *Rose v. Franchetti*, 713 F.Supp. 1203, 1213 (N.D.Ill.1989). This Court's exercise of personal jurisdiction comports with both constitutional due process and the Illinois long-arm statute. Accordingly, the defendants' motion to dismiss for lack of personal jurisdiction is denied.

## B. TRANSFER

The defendants have moved in the alternative, to transfer this action to the Northern District of Texas pursuant to 28 U.S.C. section 1404(a), which provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Thus, transfer is appropriate under section 1404(a) where the moving party establishes: 1) that venue in the transferor court is proper; 2) that jurisdiction and venue in the transferee court are proper; and 3) that the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir.1986). The weight to be accorded each factor is in the sound discretion of the trial judge. *Id.*

### 1. Venue in this District

■ Jurisdiction in this civil action is based on diversity of citizenship alone. Therefore, venue is proper where all the plaintiffs reside, where all the defendants reside, or where the claim arose. 28 U.S.C. § 1391(a). The plaintiff resides in this district and therefore, venue in this court is proper.

### 2. Jurisdiction and Venue in the Transferee District

■ Section 1404(a) also requires that the transferee court would have had both jurisdiction and venue had the claim been originally brought there by the plaintiff. *Hoffman v. Blaski*, 363 U.S. 335, 343–44, 80 S.Ct. 1084, 1089–90, 4 L.Ed.2d 1254 (1960); *Kinney v. Anchorlock Corp.*, 736 F.Supp. 818, 822, fn. 4 (N.D.Ill.1990).

■ Personal jurisdiction in the Northern District of Texas is only questionable as to Jones, because he is the only defendant who does not reside there. This court concludes, however, that the Texas court's exercise of jurisdiction over Jones would be neither unreasonable nor unforeseeable because he knowingly made himself a part of this transaction and held himself out as a partner of Millet's. *See Burger King*, 471 U.S. at 474, 105 S.Ct. at 2183.

Because neither all the defendants nor all the plaintiffs reside in the Northern District of Texas, venue is only proper in that district if the claim arose there. 28 U.S.C. § 1391(a). Courts in this circuit look to sites where "events having operative significance" took place and use a "common sense appraisal" of accessibility to witnesses and records to determine where a claim arose. *Lyons Sav. & Loan Assoc. v. Westside Bancorporation, Inc.*, 636 F.Supp. 576, 583–84 (N.D.Ill.1986), *aff'd* 828 F.2d 387 (7th Cir.1987); *Payne v. Marketing Showcase, Inc.*, 602 F.Supp. 656, 660 (N.D.Ill.1985).[3] Events of operative significance definitely took place in Texas: that is where the disputed engine overhaul did or did not take place and that is the site from which the alleged misrepresentations by Millet and the Boggs were made.

---

**3.** Both of these cases interpret section 1391(b), not section 1391(a). The language "where the claim arose" is employed in both sections, however, and has the same meaning.

### 3. Considerations of Convenience and Interest of Justice

■ The final requirement of section 1404(a) mandates that the moving party clearly establish that the transferee forum is more convenient than the transferor forum. *Coffey*, 796 F.2d at 219–20. In determining whether the movant has met this burden, the Court must consider the three factors enumerated in section 1404(a) along with the plaintiff's choice of forum. *Rose v. Franchetti*, 713 F.Supp. at 1213–14.

#### a. *Convenience of the Parties*

While it is true that the plaintiff's choice of forum is given weight, it is also clear the plaintiff's choice is not determinative. Here, three of the four defendants live in Texas. Moreover, consideration of the situs of material events adds little to the analysis. While many of the actions from which this case arose occurred in Texas, the financial injury resulted in Illinois. The fact that two less people will have to travel if this action is transferred, however, weighs against Wysnoski's choice of forum and favors transfer.

#### b. *Convenience of the Witnesses*

Wysnoski claims, in his memorandum, that he plans to call fourteen Illinois residents as witnesses, some to testify to the condition of the aircraft. Wysnoski relies on *Rose v. Franchetti*, 713 F.Supp. 1203 (N.D.Ill.1989). The *Rose* court noted that in a case resting on alleged misrepresentation, the parties' own testimony about what was said will be the most important evidence. *Rose*, 713 F.Supp. at 1214. Furthermore, the condition of the plane will be a disputed issue and the defendants will call witnesses, presumably not from Illinois, to testify as to that issue. The convenience of the witnesses, therefore, is unaffected by a transfer.

#### c. *Interests of Justice*

The interests of justice weigh in favor of transfer. This factor primarily embraces judicial economy and efficiency, not the interests of parties or the merits of the underlying claim. *See Coffey*, 796 F.2d at 221. Consideration of this factor includes the presence of related litigation, the rela-

tive speed with which a case will get to trial, and the advantage of having a court most familiar with the applicable state law. *Id.*

As no related litigation has been brought to the attention of this court, only the latter two factors apply. The Northern District of Illinois consistently ranks near the top of the most congested district courts nationally. *Koos, Inc. v. Performance Industries, Inc.*, 747 F.Supp. 487, 491 (N.D.Ill.1990). The number of filings in this district greatly outnumbers those in the Northern District of Texas. Moreover, the time in obtaining a trial, although slightly longer in the Northern District of Texas, is comparable. Federal Court Management Statistics (1990). Accordingly, the congestion of the courts weighs in favor of transfer.

Illinois law will apply to this case. *Kramer v. Weedhopper of Utah, Inc.*, 204 Ill.App.3d 469, 149 Ill.Dec. 807, 562 N.E.2d 271 (1st Dist.1990). The questions of law raised, however, are not so intricate that this Court would be better able to apply Illinois law than another federal court. *See Walter E. Heller & Co. v. James Godbe Co.*, 601 F.Supp. 319, 322 (N.D.Ill. 1984). Accordingly, the factors weigh in favor of transfer: the interests of justice and the convenience of the parties favors transfer while the convenience of witnesses is neutral.

### C. PLEADING

As a third alternative the defendants seek to have this action dismissed pursuant to Federal Rule of Civil Procedure 9(b) for failure to plead fraud with particularity. The court's ruling with respect to the motion to transfer renders the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 9(b) moot. Accordingly defendants' motion is denied as moot. Defendants may present their motion in the Northern District of Texas.

### III. CONCLUSION

For the reasons stated in this order, the motion of defendants Millet, Jones, R.

Boggs and S. Boggs to dismiss pursuant to Federal Rule of Civil Procedure 12(b) is denied and defendants' motion to transfer to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a) is granted. Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 9(b) is denied as moot.