Joel STIPELCOVICH, Individually and
All Other Similarly Situated
Plaintiffs, Plaintiffs

v.

DIRECTV, INC., and Tandy Corpora-
tion dba Radioshack, Defendants

No. CIV. A. 1:00–CV–628.

United States District Court,
E.D. Texas,
Beaumont Division.

Jan. 9, 2001.

George Michael Jamail, Reaud Law Firm, Beaumont, TX, Louis Claiborne Dugas, Clay Dugas & Associates, Orange, TX, Tim Maloney, Maloney & Campolo, San Antonio, TX, for Plaintiff.

J. Hoke Peacock II, Orgain, Bell & Tucker, Beaumont, TX, for Defendant.

## MEMORANDUM ORDER

COBB, District Judge.

CAME ON THIS DAY to be heard Plaintiff's Motion to Remand [7–1] and Motion for Sanctions [13–1] and Defendant's Motion for Summary Judgment [10–1]. The Court, having considered the Motion and responses on file, is of the opinion that the Motion to Remand and the attendant Motion for Sanctions should be DENIED. Decision on the Motion for Summary Judgment will be held in abeyance pending the parties' review of this Order.

This matter was previously removed as a matter of federal diversity jurisdiction. This Court remanded the case to the 260th District Court of Orange County, Texas, on March 6, 2000, having found that the amount in controversy did not meet the requirements of federal diversity jurisdiction. Defendants now have removed the case under theory of federal question jurisdiction over cases arising under federal copyright laws provided by 28 U.S.C. § 1338(a). Neither that statute nor 28 U.S.C. § 1331, which provides district courts with original federal question jurisdiction in cases generally arising under federal laws of the United States, require a minimum amount in controversy for removal to federal district court under the removal statute, 28 U.S.C. § 1441.

As set forth herein, the Court holds that, under the test provided in *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, (2nd Cir.1964), federal question jurisdiction is appropriate as a matter arising under the federal copyright laws of the United States. As such, the matter rests exclusively within the subject matter jurisdiction of the federal courts. This Court also denies the Plaintiff's pending motion (filed in the state action) for a national class

action, for the reasons stated later in this memorandum.

## I.

### Federal Question Construction Under Federal Copyright Law.

Plaintiff asserts that his claims are strictly ones of Texas state law, alleging violations of various Texas Deceptive Trade Practices Act (DTPA) sections, negligent misrepresentation, gross negligence, common law fraud and knowing misconduct. Since a plaintiff is master of his complaint, which this Plaintiff insists is solely within state law, his argument follows that this case must be remanded to state court and that money sanctions be imposed on the defendant for improper removal. Defendant DIRECTV counters that the complaint states an exclusively federal question susceptible only to federal jurisdiction because elements of the claim as worded in Plaintiff's Second Amended Class Action Petition require construction of the federal Satellite Home Viewers Act (SHVA), 17 U.S.C. § 119 *et seq.*

Ordinarily, a state law-based claim brought in a state court may be removed to federal court upon a showing of diversity of citizenship between the parties or when the plaintiff's claim is determined to state a question of federal law. Where the claim is exclusively federal, such that the entire field of law is pre-empted by federal statute, only a federal court may hold jurisdiction. A claim arising under the Copyright Act of the United States is included as an exclusively federal issue:

> The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.

Title 28 U.S.C. § 1338(a) (2000). The SHVA is included under Title 17 ("Copyrights"), Chapter 1 ("Subject Matter and

Scope of Copyright") of the U.S.Code and is an act of Congress relating to copyrights.

Interpreting a state law-based claim to determine whether it states an exclusively federal copyright question is the crux of this matter and whether or not this Court holds jurisdiction. The standard by which such a determination is made is that articulated in *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2nd Cir.1964). This standard has been employed by all the circuit courts considering the question of whether a suit arises under the Copyright Act for the purposes of section 1338(a), including the Fifth Circuit Court of Appeals. *See Goodman v. Lee*, 815 F.2d 1030, 1031 (5th Cir.1987), *Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 347–356 (2nd Cir.2000) (providing detailed analysis of the *T.B. Harms* standard versus the "unworkable" Schoenberg test), *Asunto v. Shoup*, 2000 WL 1532890, 2000 U.S. Dist. LEXIS 15597 at *20–21 (E.D.La. Oct. 13, 2000). Texas state courts also employ the *T.B. Harms* test to determine subject matter jurisdiction in a potential exclusively federal copyright law case. *See Butler v. Continental Airlines, Inc.*, 31 S.W.3d 642, 648 (Tex. App.-Houston 2000).

Under the *T.B. Harms* test, "[a]n action 'arises under' the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act... or asserts a claim requiring construction of the Act,... or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim." *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir.1964), *cert. denied* 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965). Defendant DIRECTV asserts that Plaintiff's second amended complaint must be constructed using a federal law relating to the Copyright Act, namely, the SHVA.

Simply asserting a state law-based action which may have some vague or tangential connection with federal copyright laws does not necessarily create a federal question exclusive of state court. In one recent case, a claim of preemption under 17 U.S.C. § 301 averred that state law-based claims for an accounting, breach of contractual and fiduciary duties, conversion, unjust enrichment, and request for declaratory and injunctive relief all became federal copyright issues because the plaintiff's petition vaguely referred to rights arising from "music." *See Asunto v. Shoup*, 2000 WL 1532890, 2000 U.S. Dist. LEXIS 15597 at *7 (E.D.La. Oct. 16, 2000). That court analyzed the removal action using the Fifth Circuit's two-part test for determining preemption under § 301:

> [I]f the act or acts of [the defendant] about which [the plaintiff] complains would violate both [state law] and copyright law, then the state right is deemed "equivalent to copyright." If, however, one or more qualitatively different elements are required to constitute the state-created cause of action being asserted, then the right granted under state law does not lie "within the general scope of copyright," and preemption does not occur.

*Id.* at *9 (*citing Computer Management Assistance Co. v. Robert F. DeCastro, Inc.*, 220 F.3d 396, 404 (5th Cir.2000) and *Daboub v. Gibbons*, 42 F.3d 285, 289 (5th Cir.1995)). The *Asunto* court found that the Copyright Act was incidental to each of the state law-based claims in that each contained a qualitatively different element distinguishing it from a cause of action under the Copyright Act (*e.g.*, an accounting should not be preempted from state law but instead be ordered subsequent to a determination of substantive rights; the additional element of a publisher's implicit promise to pay royalties takes a breach of contract out of copyright and into state law; the conversion was of tangible money instead of an intangible copyright; and the claim of unjust enrichment was an extension of the claim of breach of contract). *See Id.* at *12–18, 2000 WL 1532890. The court then applied the results of its § 301 preemption analysis to the defendant's alternate claim of exclusive federal jurisdic-

tion under *T.B. Harms* and held that "the complaint [was] not one for copyright infringement." Specifically, *Asunto's* core state issues of contract, fiduciary duty, and mandate did not require a construction of the Copyright Act and thus did not enter exclusive federal jurisdiction. *See Id.* at *21, 2000 WL 1532890.

■ Where a copyright law related to the Copyright Act is required to construe the elements of a plaintiff's state law-based claim, however, original subject matter jurisdiction does rest exclusively in federal district court. *See Goodman v. Lee,* 815 F.2d 1030, 1031–1032 (5th Cir.1987) (holding that the plaintiff's state law-based claim of being a joint co-author of a musical piece with entitlement to receive one-half of all proceeds from its use and exploitation required the application and interpretation (*i.e.,* "construction") of the copyright ownership provisions of 17 U.S.C. § 201(a)). A state court faced with a state law-based claim requiring construction of federal copyright laws in resolution of the claim's elements has no subject matter jurisdiction over the claim, even if expressed under state law. *See Butler v. Continental Airlines, Inc.,* 31 S.W.3d 642, 648 (Tex.App.-Houston 2000) (holding that neither the state trial court nor the appellate court had subject matter jurisdiction where determination of the underlying issues and elements in the plaintiff's claims depended upon construction of the "work for hire" provision of the Copyright Act, using the second prong of the *T.B. Harms* test).

■ In the case at bar, Plaintiff has asserted state law-based complaints for negligent misrepresentation, gross negligence, fraud, knowing misconduct and DTPA violations. This ostensible class claims detrimental reliance on the misrepresentation by DIRECTV of the availability of network programming which was in violation of 17 U.S.C. § 119, the SHVA. In his First Amended Class Action Petition, filed June 15, 2000, the name Plaintiff simply asserts Defendants DIRECTV and Radio Shack induced him (and, representa-

tively, the class he purports to represent) to enter into a transaction with both Defendants. In this transaction, he was induced to purchase the reception equipment and purchase programming from both Defendants and their affiliates with the lure of network programming in violation of the SHVA. Although the complaint does not explain in detail how 17 U.S.C. § 119 impedes providing such network programming nor how the Defendants violate the statute, the allegation would require a court to determine the intent and effect of § 119 on the claims. Thus, while the assertion of a violation of § 119 is somewhat vague, it would require the reviewing court to construe § 119 in the light of Plaintiff's state law-based claims.

In the Second Amended Class Action Petition, filed September 5, 2000, however, the Plaintiff provided greater detail while eliminating any facial reference to the Copyright Act and 17 U.S.C. § 119 by title. Regardless, an examination of the petition reveals it is firmly founded on claims that the Defendants violated provisions of § 119, the SHVA. Even if not explicitly so stated, Plaintiff may not escape a federal question by artfully pleading his Second Amended Petition in the form of an apparently exclusive state law claim, especially after explicitly asserting a violation of federal law in his earlier pleadings. In Paragraph 5 of the Second Amended Class Action Petition, Plaintiff claims that the availability of network programming is based on factors including whether or not the consumer is considered an "unserved household." Further, it states that eligibility is based on the length of time the consumer would be receiving the signal and whether or not the consumer could receive at least "Grade B" signal intensity. "Grade B" intensity is an objective measure of broadcast signal strength established by the Federal Communications Commission.

The SHVA rests eligibility for "secondary transmissions" of network programming by a satellite based transmission sys-

tem on whether or not the consumer household is *served* or *unserved* by direct network broadcast. *See* 17 U.S.C. § 119(a) (2000). A court reviewing a claim for or against eligibility must rely on an accurate predictive model, namely the Individual Location Longley–Rice model set forth by the Federal Communications Commission, and accurate measurements of signal strength at the consumer's residence. *See Id.* §§ 119(a)(2)(B)(ii)(I)-(II). An *unserved household* is further defined as a household that "cannot receive, through the use of a conventional, stationary, outdoor rooftop receiving antenna, an over-the-air signal of a primary network station affiliated with that network of Grade B intensity as defined by the Federal Communications Commission . . . " *See Id* § 119(d)(10)(A). Therefore, by centering his fraud and DTPA claims on whether or not his ostensible "class" members were unserved households capable of receiving Class B transmissions, Plaintiff has firmly based his complaint on 17 U.S.C. § 119 *et. seq.*, a federal statute under the Copyright Act.

That statute, the SHVA, also contains definitions of violative behavior by a secondary transmitter of the primary network signals as well as the remedies available under the SHVA. *See Id.* § 119(a)(5). Thus, whether a transmission provider is acting in violation of the SHVA is subject to the standard imposed within the statute, not merely whether there is some potential state law violation. Since a court reviewing Plaintiff's claims must construe the SHVA to resolve their validity and determine whether the Defendants acted in violation of the SHVA, under the second prong of *T.B. Harms,* the claims "arise under" the Copyright Act. In accordance with 28 U.S.C. § 1338(a), then, subject matter jurisdiction over the claim is exclusive of any state court and rests solely in federal district court.

Therefore, remand to state court would be improper and Plaintiff's motion to remand by reason of stating solely a state law-based claim is denied.

## II.

### Timeliness of Removal.

█ Plaintiff complains that Defendant failed to timely remove this case to federal court after the First Amended Complaint, which specifically referred to violations of 17 U.S.C. § 119 on its face, on June 15, 2000. The removal action was filed on September 15, 2000, which is more than the thirty day limit for removal required under 28 U.S.C. § 1446(b). Defendant DIRECTV counters that it was only in the Second Amended Class Action Petition of September 5 that Plaintiff enunciated his claims under the provisions of the SHVA, regardless of whether explicit reference to "17 U.S.C. § 119" was removed. Therefore, Defendant claims, its removal action was timely. Further, Defendant asserts that Plaintiff argued in Texas state court, with apparent success, that Plaintiff's First Amended Complaint was *not* a federal claim and, therefore, Plaintiff should be estopped from asserting that the First Amended Complaint was a federal claim for proceedings in federal court.

Neither party has briefed the issue of whether there is any meaning to the issue of "timely removal" when the state law-based claim is determined to be under the exclusive subject matter jurisdiction of the federal district court as a matter construing federal copyright law.

This "timeliness" issue might be settled by reviewing an earlier avenue employed by some federal courts. At one time, under the doctrine of "derivative jurisdiction," a case was not properly removable unless it was within the subject matter jurisdiction of the state court from which it was removed. *See Harvey v. Price,* 603 F.Supp. 1205, 1207–08 (S.D.Ill.1985). Therefore, a state court case which was subsequently discovered to be within the exclusive jurisdiction of federal court was subject to dismissal by the federal district court as being outside the subject matter jurisdiction of state court but yet not properly removable to federal district court.

*See Rustom v. Atlantic Richfield Co.*, 618 F.Supp. 210, 211 (C.D.Cal.1985).

However, the doctrine of derivative jurisdiction was ended when Congress enacted, in 1987, subsection (e) of the removal statute, 28 U.S.C. 1441, which specifically states that a federal court is not precluded from hearing a removed case just because the state court lacked jurisdiction. *See Marinkovic v. Casey, Gerry, Casey, Westbrook, Reed, a Law Firm*, 1998 WL 51712, 1998 U.S.App. LEXIS 2043 at *3 (9th Cir. Feb. 10, 1998). In any event, derivative jurisdiction merely enabled a federal district court to dismiss an "improperly removed" case regardless of the timeliness issue. No issue of "timeliness" for a removal action commenced more than thirty days after notice was specifically decided. However, one such derivative jurisdiction/exclusively federal case in which a defendant entered an "untimely" notice of removal did address the timeliness issue:

> ARCO's removal petition is timely only if, under § 1446(b), "the case stated by the initial pleading is not removable" and the case became removable by the Second Amended Complaint. However, the state court pleadings disclose that it has always been ARCO's position that the [Petroleum Marketing Practices Act] preempted all of plaintiff's purported state law claims. If this is so, then under the "artful pleading" rule which applies to preempted claims, the action was removable from its commencement and was or should have been "ascertained" as such by ARCO. (Citation omitted). *It would be fruitless, however, to remand to state court a preempted claim over which federal courts have exclusive jurisdiction.*

*Rustom v. Atlantic Richfield Co.*, 618 F.Supp. 210, 211 n. 1 (C.D.Cal.1985) (emphasis added). This Court agrees that it would be fruitless to remand for untimeliness a claim over which federal district court holds exclusive jurisdiction, particularly when 28 U.S.C. § 1441(e) contemplates a hearing of that claim by the federal district court. Therefore, whether Plaintiff's First Amended Complaint did or did not state a federal question is moot and Plaintiff's motion to remand by reason of untimeliness is denied.

## III.

### Certification of Class Action.

■ Plaintiff has not applied to this Court for class certification. When this case was remanded from federal court following its earlier diversity removal, the Order to Remand noted that a national class action for fraud in this type of case would involve fifty-one consumer protection statutes, fifty-one statutes of limitations, and an individual by individual determination of the question of detrimental reliance on the alleged fraudulent statements of the defendant, its dealers, employees, or agents. As a practical matter, that would be an unmanageable task for this, or any, court. *See Castano v. American Tobacco Co.*, 84 F.3d 734, 744–45 (5th Cir.1996). At the time of that remand, this Court commented that was not the reason for the Court's action. However, since the complaint in this case has been determined to properly be a federal question with exclusive jurisdiction in the federal court, it is now appropriate to address, *sua sponte*, the issue. As discussed herein, it is Plaintiff's burden to provide an adequately detailed and reasonable plan showing how this case can be managed given the multiple causes of action, the varying effects of local law in the fifty-one jurisdictions on each cause of action, and the complicating effect of consumer eligibility as defined in the Satellite Home Viewer's Act. Plaintiff must do so before any purported class action may proceed.

In the earlier state court proceedings, Stipelcovich, as "Class Plaintiff," claimed class action status under Texas Rule of Civil Procedure 42. He has not yet demonstrated *federal class action status under* Fed.R.Civ.P. 23. An examination of the claims before the court may save the effort of attempting to do so.

The complaint is based on charges of violating several sections of the DTPA, negligent misrepresentation, gross negli-

gence, common law fraud and knowing misconduct. Plaintiff purports to establish a national class action for these various causes of action in the sale of DIRECTV satellite receiver systems through the Defendant vendors' inducement by false claims of network programming availability. A national class action would include any plaintiff located in any or all of the fifty states plus the District of Columbia.

Choice of law issues in a case so potentially wide-spread geographically can swallow the case. In a multi-state class action, variations in state law may swamp any common issues. *See Castano v. The American Tobacco Co.*, 84 F.3d 734, 741 (5th Cir.1996) (citing *Georgine v. Amchem Prods.*, 83 F.3d 610 (3d Cir.1996)).

Further, the specifics of each of the claims of the prospective plaintiffs in the putative class must be taken into account. *Id.* at 743 n.15. This is particularly so given the mandate in the SHVA to determine whether each prospective consumer household is *served* or *unserved* according to its ability to receive a Grade B broadcast signal. Simply asserting that a consumer is in the plaintiff "class" because Defendants eliminated network programming from its secondary broadcast for that consumer is insufficient. Plaintiff must demonstrate the claimed members of the class were not unserved households (based on capability of receiving Grade B broadcasts) when the network programming was offered by Defendants for each possible class member, which would result in a trial on the merits for each individual plaintiff.

That burden would be on each of the possible plaintiffs. Fifty-one states' and District of Columbia laws of misrepresentation, detrimental reliance and fraud are also involved. Further, they must show how the service status of the members of the class at the time Defendants agreed to provide network programming service can be determined and whether that constituted behavior violating the SHVA by its terms.

With probably thousands of plaintiffs and the requirement to apply the various state laws pertaining to each individual cause of action and respective statute of limitation, predominance and superiority in a class action can not be achieved. Given such a massive choice of law problem, neither can this Court see a satisfactory manner how it can manage such litigation.

## IV.

### Conclusion.

This Court will retain jurisdiction over the federal question presented herein. District courts also have supplemental jurisdiction over all other claims that are so related to claims within their original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. *See* 28 U.S.C. § 1367(a) (2000). The state law-based claims presented by the Plaintiff in this case must be determined by construction of the federal copyright laws and are therefore integral to the action. On that basis, this Court will retain supplemental jurisdiction over them.

It is therefore ORDERED, that Plaintiff's Motion to Remand and Motion for Sanctions are hereby DENIED and Plaintiff's Motion in its Second Amended Petition to certify a class is also DENIED.